**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2454-21

NATIONSTAR MORTGAGE, LLC,

    Plaintiff-Respondent,

v.

RAM P. TEWARI, MRS. RAM
P. TEWARI, his wife, and
GYAN M. TEWARI,

    Defendants-Appellants,

and

CANAL WALK HOMEOWNERS
ASSOCIATION, INC.,

    Defendant.

_____

> Submitted December 5, 2023 – Decided December 13, 2023
>
> Before Judges Whipple and Mayer.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. F-003898-14.

Law Firm of Diaz & Associates, PC, attorneys for appellants (Adrian J. Johnson, on the briefs).

LOGS Legal Group, LLP, attorneys for respondent (Kathleen M. Magoon, on the brief).

PER CURIAM

Defendants Ram P. Tewari and Gyan M. Tewari appeal from a March 4, 2022 order denying their motion to vacate a sheriff's sale.  We affirm.

We limit our recitation of the facts as relevant to the motion judge's disposition of defendants' motion to vacate the sheriff's sale.

Counsel for defendants filed a motion to vacate the sheriff's sale without submitting a certification from either defendant.  Rather, defense counsel submitted an attorney certification lacking personal knowledge identifying the reasons why the sheriff's sale should be vacated.  Counsel explained he was unable to locate defendants for a period of time.  Further, counsel believed defendants were in India as a result of the COVID-19 pandemic and unable to return to the United States.  Consequently, defense counsel certified he was unable to communicate with defendants regarding their need to provide a new, unexpired credit card on file with plaintiff Nationstar Mortgage, LLC to avoid defaulting on their loan modification payment plan and preclude the entry of a final judgment in foreclosure.  Based on the foregoing information, during oral

A-2454-21

argument on the motion to vacate the sheriff's sale, defendants' attorney told the judge, "we're really here at the mercy of the [c]ourt . . . ."

In opposing the motion to vacate the sheriff's sale, plaintiff highlighted the absence of any certification from defendants. Additionally, plaintiff noted the certification supplied by defendants' attorney lacked evidence of any fraud, accident, surprise, mistake, or irregularity in the sale of the property required to set aside the sheriff's sale.

After reviewing the motion papers and hearing the arguments, the judge denied the motion to vacate the sheriff's sale. The judge cited Rule 1:6-6, requiring counsel to provide a certification from an individual setting forth facts based on "competent knowledge." The judge noted defense counsel conceded the firm "had no contact with the defendants [for a period of time]," "had been trying to reach the defendants," and even "spoke to the State Department." These were the only statements the judge found that satisfied the personal knowledge requirement under Rule 1:6-6. As for the remainder of the information in defense counsel's certification, i.e., that defendants were in India and unable to return to the United States and the credit card on file with plaintiff expired, the judge found "none of the information is competent; it's all hearsay." Additionally, the judge concluded defendants "were certainly capable of

3

providing a certification indicating what had transpired" once defense counsel contacted them. Because there was no certification from defendants, the judge explained she had "no reason . . . to accept any explanation whatsoever" regarding defendants' failure to make timely payments under the loan modification agreement to vacate the sheriff's sale. The judge also noted defendants had a "responsibility to let their lawyer know . . . where they were" and "[i]t was their responsibility to make sure their payments [to plaintiff] were being made."

On appeal, defendants argue the motion judge erred in refusing to vacate the sheriff's sale. They also assert exceptional circumstances in support of their motion. We reject these arguments.

We review an order granting or denying a motion to vacate a sheriff's sale for abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). An abuse of discretion arises "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

On this record, we are satisfied the motion judge did not abuse her discretion in denying defendants' motion to vacate the sheriff's sale. Defendants

4

failed to submit a certification or affidavit providing any information, including the claimed exceptional circumstances related to their failure to make timely payments to plaintiff under the loan modification agreement.

Rule 1:6-6 requires certifications of affidavits be limited to the affiant's personal knowledge of facts upon which the affiant is competent to testify and admissible in evidence. The personal knowledge mandate under Rule 1:6-6 unequivocally excludes facts based on hearsay. See Wang v. Allstate Ins. Co., 125 N.J. 2, 15-16 (1991). It is well established that affidavits containing facts supplied by legal counsel not based on counsel's personal knowledge but reported to counsel by their client constitute inadmissible hearsay. See Cafferata v. Peyser, 251 N.J. Super. 256, 263-64 (App. Div. 1991).

Here, the sole certification in support of the motion to vacate the sheriff's sale was proffered by defendants' attorney. Defense counsel lacked any personal knowledge related to reasons supporting the motion to vacate the sheriff's sale. Rather, counsel's certification purportedly reported facts communicated to him by defendants, which constituted inadmissible hearsay. Because defense counsel's supporting certification was untethered to any competent evidence based on personal knowledge, the judge did not abuse her discretion in denying defendants' motion to vacate the sheriff's sale.

 A-2454-21

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-2454-21